THE PEOPLE *ex rel.* BRUCE CHEADLE *et al.*, Plaintiffs-Appellants, *v.* CHICAGO TITLE & TRUST COMPANY, Defendant-Appellee.

Third District   No. 75-348

Opinion filed April 21, 1976.

Saxon, Niznik & Peterson, of Plainfield (Samuel Saxon and Gilbert Niznik, of counsel), for appellant.

Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet (Thomas R. Wilson and John O'Brien, of counsel), for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Certain taxpayers of the Lockport Grade School District filed suit on behalf of the school district against Chicago Title & Trust Company to recover $150,000 under a title insurance policy. The complaint was dismissed by the Circuit Court of Will County for failing to state a cause of action, and plaintiffs appeal.

The property in dispute is a public square in the city of Lockport which was used for a public school for many years, but which is no longer needed for school purposes. Defendant issued a title insurance policy to the school district, insuring the title, and has defended the title against the ownership claims of the city of Lockport. The suit by the city first reached this court in 1971 (*City of Lockport v. County Board of School Trustees* (3d Dist. 1971), 2 Ill. App. 3d 970, 276 N.E.2d 13), and following remand, was appealed a second time. In 1974, this court ruled that the city's complaint was sufficient, and remanded the suit for further proceedings, but that decision did not make a final determination of title. (*Cheadle v. County Board of School Trustees* (3d Dist. 1974), 20 Ill. App. 3d 212, 313 N.E.2d 196.)[1] A final judgment in that suit has now been entered in the trial court, and an appeal is pending in this court in No. 75—441.

■■ The complaint filed in the case at bar alleged that the amount of the title policy became due and payable after the 1974 appellate decision became final in *Cheadle v. County Board of School Trustees*. However, until such time as title is finally determined in the pending appeal on the merits of that case, a suit to recover under the title policy is premature. Therefore, the trial court correctly held that the complaint was fatally defective since no facts were alleged showing that the school district has sustained any loss or damage by reason of defects in the title.

■■ Plaintiffs contend that defendant has failed to make a good faith defense of the school district's title, but no such allegations were included in the complaint, and hence that question is not before this court.

We affirm the order of the trial court.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.

---

[1] After the first dismissal of the city's suit, certain taxpayers of the city were allowed to intervene, and thereafter that action was prosecuted by the intervenors. Plaintiffs in the case at bar include some of the same taxpayers, but here they appear on behalf of the school district.